**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NU NU SWETZ,<br><br>Defendant. | Case No. 2:17-cr-00181-APG-CWH<br><br>**REPORT AND RECOMMENDATION** |

Presently before the court is defendant Nu Nu Swetz's motion to dismiss indictment based upon preindictment delay, the statute of limitations, and multiplicity (ECF No. 52), filed October 1, 2018, the government's response (ECF No. 56), filed October 16, 2018, and Swetz's reply (ECF No. 61), filed October 31, 2018.

**I.    BACKGROUND**

In April 2002, Swetz, using the identity Ma Nu Nu War, applied for and was granted admission into the United States as a visitor until November 19, 2002. On August 28, 2002, using the identity of Nadi Lin, and a different birthdate, she filed a petition seeking asylum and a stay of removal from the United States. In the Nadi Lin identity, the defendant stated in her asylum application and interview, that she was married on January 16, 2000 to Kyaw Win in Yangon, Burma. She claimed that on October 3, 2000 she had a child named San San Win. Further, she claimed to have last left Burma on March 6, 2002.

On October 4, 2002, the defendant, in the Nadi Lin identity, was ordered to appear before an immigration judge. On January 2, 2003, an immigration judge rejected her claim for asylum, ordered her removed from the United States, and prohibited from entering or attempting to enter or being in or remaining in the United States for a period of ten years.

Meanwhile, on August 1, 2002, the defendant using the Ma Nu Nu War identity claimed that she had been married to Chojiro Tanaka and on that date divorced from him. On or about March 28, 2003, the defendant married a United States citizen Robert Swetz in Aikin, Minnesota.

Based on that marriage, Mr. Swetz filed a petition seeking immigration benefits for the defendant, now Nu Nu Swetz, on or about April 29, 2004, including a request to register Swetz as a permanent resident. On February 15, 2005, Swetz was granted conditional permanent residency status based on her marriage to a United States citizen. On January 11, 2007, Swetz filed a petition to remove the conditions on her permanent residency status, which was granted on March 12, 2007.

On October 24, 2008, Swetz filed an application for naturalization. Upon interviewing Swetz under oath on March 24, 2009, the application was approved by United States Citizenship and Immigration Services (USCIS). Swetz naturalized as a United States citizen on or about May 1, 2009.

After receiving her United States citizenship, on December 8, 2009, Swetz applied for and received a United States passport, but failed to disclose her Nadi Lin identity, and failed to report that under this identity she was subject to a final order of removal/deportation.

On July 7, 2011, Swetz and Robert Swetz divorced. On August 5, 2013, Swetz filed a petition for an alien fiancé based on her relationship with a Pakistani male. The filing of this petition brought Swetz's immigration and naturalization benefits fraud to light, leading the immigration authorities to investigate.

Swetz was charged by indictment on June 14, 2017. (Indictment (ECF No. 1).) Count one alleges that in a 2009 naturalization interview, Swetz gave false information as to: (1) previously using other names, (2) answering "no" as to whether there were "removal, exclusion, recession or deportation proceedings pending," (3) answering "no" as to whether she had "ever been ordered to be removed, excluded or deported from the United States," in violation of 18 U.S.C. § 1425(a). Count two alleges that between October 24, 2008 and May 1, 2009, Swetz "knowingly app[lied] for and obtain[ed], naturalization, citizenship, and evidence of naturalization and citizenship for herself, to which she was not entitled," in violation of 18 U.S.C.

§ 1425(b). Counts three, four, and five allege false statements under oath regarding naturalization, in violation of 18 U.S.C. § 1015. Count six alleges that on January 5, 2010, Swetz made false statements in a passport application by omitting the name "Nadi Lin" as to "other names used," in violation, of 18 U.S.C. § 1542.

Swetz moves to dismiss the indictment because the offenses occurred beyond the statute of limitations, and for pre-indictment delay. Swetz also argues that counts one and two both allege violations of naturalization fraud and are therefore duplicitous, and that counts three, four and five are also multiplicitous. In response, the government moved to dismiss without prejudice counts three, four, and five because they are barred by the statute of limitations. The government further argues that the remaining offenses are within the statute of limitations, there was no prejudice in the pre-indictment delay, and that counts one and two allege violations of different statutes containing different offense elements and are therefore not duplicitous. In reply, Swetz requests that counts three, four and five be dismissed with prejudice because the statute of limitations analysis will not change such that the statute of limitations will be revived, and the court agrees. The court therefore recommends that counts three, four, and five be dismissed with prejudice.

**II.   ANALYSIS**

**A.  Motion to dismiss**

Under Rule 12(b) of the Federal Rules of Criminal Procedure, "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (*citing United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986), *cert. denied*, 478 U.S. 1007 (1986)).

**B.  Statute of limitations**

The parties agree that the statute of limitations for counts one and two under 18 U.S.C. § 1425, and count six under 18 U.S.C. § 1542, is ten years. The government bears the burden of proving that it indicted the defendant within the appropriate limitations period. *See United States*

*v. Smith*, 133 S.Ct. 714, 721 (2013).  The parties agree that the statute of limitations begins to run when the crime is complete, that is, when each element of the crime has occurred.  Swetz argues that the alleged fraud which forms the basis for the indictment is the use of the name Nadi Lin and statements related to her prior removal proceedings and orders, and that crime was complete as of the 2002 application and the January 2003 order of removal.  The government responds that Swetz applied for citizenship on October 24, 2008, and received her citizenship on May 1, 2009, and applied for her passport on January 5, 2010, and these illegal acts were complete and all fell within ten years of the filing of the indictment, on June 14, 2017.

The court agrees with the government.  The alleged crimes of naturalization fraud and passport fraud were not complete until Swetz received the benefit sought by her fraudulent applications, that is, she was naturalized, and received a passport.  The falsities in the applications were not made a part of the application process until 2008 or later, and so the time period to prosecute the submission of knowing false information and becoming naturalized could not have begun until the false applications were submitted.  Accordingly, the crimes were not complete until 2008, and the charges were filed within the statute of limitations.  The court therefore recommends that the motion be denied to the extent Swetz moves to dismiss counts one and two based on the statute of limitations.

### C. Pre-indictment prejudicial delay

Swetz argues the delay in bringing the indictment has caused her prejudice because many of the events which form the basis for the prosecution occurred in the early 2000s, and she has been unable to locate witnesses from that time.  Additionally, she argues that because the government was on notice of Swetz as early as 2004 when it received two "tip" letters indicating improprieties by Swetz, the length of time that it took to indict her was not justified.  The government responds that Swetz cannot show any prejudice, and the delay has not been excessive.

Statutes of limitation are the primary safeguard against pre-indictment prejudicial delay.  *Betterman v. Montana*, 136 S. Ct. 1609, 1613 (2013).  Pre-indictment delay that results from negligence or worse may violate due process.  *United States v. Ross*, 123 F3d 1181, 1185 (9th

Cir. 1997). To succeed on her claim that she was denied due process because of pre-indictment delay, a defendant must satisfy both prongs of a two-part test. "First, he must prove actual, non-speculative prejudice from the delay." *United States v. De Jesus Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (citation omitted). With respect to the first prong, the defendant "carries a heavy burden of showing actual prejudice that is definite and not speculative." *Ross*, 123 F.3d at 1185 (citation omitted). "Second, the length of the delay is weighed against the reasons for the delay," and the delay must "offend[] those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Corona-Verbera*, 509 F.3d at 1112 (citation omitted).

Swetz makes no argument that the delay violated any fundamental conceptions of justice or that the delay in indicting her was intended to place her at a disadvantage. She argues that she has been prejudiced by the delay in indictment because witnesses who might have assisted her on the 2002 asylum application are unavailable or have died, but she fails to explain how the loss of these witnesses causes prejudice. To show actual prejudice, a defendant must provide more than unsubstantiated claims that delay caused memories to diminish, precluded discovery, or resulted in the loss of evidence. *Id.*; see also United States v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995) ("Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice."). Generally, protection from lost testimony "falls solely within the ambit of the statute of limitations." *United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir. 1989) (citations omitted). The government also responds that the "tip" letters were sent in 2004 and complain that Swetz was overstaying her visa and was engaged in income tax fraud and marriage fraud, but do not discuss the alternate Nadi Lin identity. The government could not have anticipated that Swetz would commit naturalization fraud in 2008 or make an application for a passport in 2009. The court finds that, under the circumstances, Swetz fails to meet her burden to show actual non-speculative prejudice to warrant dismissal. Accordingly, the court recommends that her motion be denied on this basis.

/ / /

/ / /

### D. Multiplicity of charges one and two

Swetz argues that count one and two are duplicitous because the charges are for the same act and same underlying facts. The government responds that each count alleges violation of a different statute which contain different elements and are therefore not multiplicitous.

"An indictment is multiplicitous when it charges multiple counts for a single offense, thereby resulting in two penalties for one crime and raising double jeopardy concerns." *United States v. Mancuso*, 718 F.3d 780, 791 (9th Cir. 2013). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1148 (9th Cir. 2012) (*quoting Blockburger v. United States*, 284 U.S. 299, 304 (1932)).

Title 18, U.S.C. § 1425 provides:

(a) Whoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship; or

(b) Whoever, whether for himself or another person not entitled thereto, knowingly issues, procures or obtains or applies for or otherwise attempts to procure or obtain naturalization, or citizenship, or a declaration of intention to become a citizen, or a certificate of arrival or any certificate or evidence of nationalization or citizenship, documentary or otherwise, or duplicates or copies of any of the foregoing–

Shall be fined under this title or imprisoned . . . .

Section 1425(a) criminalizes illegal means of procurement of citizenship, which is engaging in criminal conduct during the naturalization process that has a causal relation to procuring naturalization. *Maslenjak v. United States*, 137 S. Ct. 1918 (2017). Here, Swetz is alleged to have given false information as to: (1) previously using other names, (2) answering "no" as to whether there were "removal, exclusion, recession or deportation proceedings pending," (3) answering "no" as to whether she had "ever been ordered to be removed, excluded or deported from the United States." The government must prove that Swetz gave false information which caused her to be able to obtain citizenship.

On the other hand, § 1425(b) prohibits knowingly obtaining citizenship which the person is not entitled to obtain.  Here, the allegations mirror the statute, but do not identify the precise conduct which would disqualify Swetz to be a citizen.  Such disqualifying facts could be different from the giving of false information alleged under the § 1425(a) charge.

Because § 1425(a) penalizes using illegal means of procure citizenship, while § 1425(b) penalizes the obtaining of citizenship when the person knows they are not eligible, the sections require proof of different elements, and the charges are not, as a matter of law, multiplicitous.  Accordingly, the court recommends denial of the motion to dismiss either charge one or two.

### III.   CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that defendant Nu Nu Swetz's motion to dismiss indictment based upon preindictment delay, the statute of limitations, and multiplicity (ECF No. 52) be DENIED, except that counts three, four, and five are dismissed with prejudice.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 2, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE