# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:17-cr-0181-APG-CWH |
| Plaintiff | **Order Denying Motions in Limine** |
| v. | [ECF Nos. 106, 108] |
| NU NU SWETZ, | |
| Defendant | |

Defendant Nu Nu Swetz filed motions in limine to exclude "tip letters" sent to the Government (ECF No. 106) and to exclude items she contends are improper character evidence (ECF No. 108). The parties are familiar with the facts and procedural posture of this case so I will not repeat them here.

**Motion to Exclude Tip Letters (ECF No. 106)**

Because the Government does not intend to offer these letters into evidence, I deny this motion as moot. However, should Swetz open the door to issues that would make these letters relevant, and should the Government thus seek to offer them into evidence, Swetz may re-assert this motion at that time.

**Motion to Exclude Improper Character Evidence (ECF No. 108)**

Evidence about Swetz's marriages is relevant to the crimes charged and is inextricably intertwined with the facts of this case and the Government's prosecution. There is little prejudicial effect caused by evidence of multiple marriages. Thus, the evidence is not barred by Federal Rules of Evidence 403 or 404(b). This portion of the motion is denied.

Evidence that Swetz filed a Form I-129F on behalf of her fiancé, who was residing in Pakistan, is relevant to show her knowledge of immigration laws and processes, and to negate an expected argument of mistake. The fact that her fiancé was from Pakistan is not so prejudicial as to warrant exclusion under Rule 403. This portion of the motion is denied.

Swetz moves to exclude any reference to her prior employment as an exotic dancer. The Government contends that Swetz's employment in a customer service industry could be relevant to negate an allegation that her alleged crimes were due to a language barrier. Regardless, the Government agrees not to use the term "exotic dancer"[1] during trial, but reserves the right to introduce such evidence should Swetz open the door during trial. I therefore deny this portion of the motion as moot but without prejudice to Swetz re-asserting it should the Government attempt to offer such evidence.

I HEREBY ORDER that Swetz's motions in limine **(ECF Nos. 106 and 108) are denied**.

Dated: February 1, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] I interpret the Government's response to include making no references to any similar terms or euphemisms for that occupation.

2